**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JANICE E. BURKE,**

                      **Plaintiff,**

    vs.                                              **5:15-CV-1133
                                                                                             (MAD/TWD)**

**TOM VONNARD,**

                      **Defendant.**
_____

**APPEARANCES:**

**JANICE E. BURKE**
Plaintiff *pro se*
309 Westfall Street
Syracuse, New York 13209

**Mae A. D'Agostino, U.S. District Judge:**

# ORDER

      Plaintiff, Janice Burke, commenced this action *pro se* on September 21, 2015, against Defendant, Tom Vonnard. *See* Dkt. No. 1. Plaintiff asserts claims pursuant to 42 U.S.C. §§ 1981, 1982, and 3604, 29 U.S.C. § 794, and United States Tort Law alleging wrongful eviction by Defendant. Plaintiff filed an application to proceed in *forma pauperis*. *See* Dkt. Nos. 1 and 2.

      On September 28, 2015, Magistrate Judge Thérèse Wiley Dancks issued an Order and Report-Recommendation granting Plaintiff's IFP application, recommending that Plaintiff's complaint be dismissed with leave to amend for failure to state a claim upon initial review under 28 U.S.C. § 1915(e)(2)(B)(ii), and further recommending that the District Court decline without prejudice to exercise supplemental jurisdiction over Plaintiff's state law wrongful eviction claim. *See* Dkt. No. 4 at 11.

      A court may grant a motion to proceed in *forma pauperis* ("IFP") if the party is "unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1) (2006). When a plaintiff

seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In making this determination, "the court has the duty to show liberality towards pro se litigants," however, "there is a responsibility on the court to determine that a claim has some arguable basis in law before permitting a plaintiff to proceed with an action in forma pauperis." *Moreman v. Douglas*, 848 F. Supp. 332, 333–34 (N.D.N.Y. 1994) (internal citations omitted); *see*, *e.g., Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

To survive dismissal for failure to state a claim, a party need only present a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned" recitation of the alleged misconduct. *Id.* (citations and quotation omitted). In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted).

When a party files specific objections to a magistrate judge's order and report-recommendation, the district court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C) (2009).  However, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [that he] presented to the magistrate judge," the court reviews those recommendations for clear error.  *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *2 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted).  After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal.  *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)).  A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority.  *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

In the present matter, Magistrate Judge Dancks provided Plaintiff adequate notice that she was required to file any objections to the Order and Report- Recommendation, and specifically

3

informed her that failure to object to any portion of the report would preclude her right to appellate review. *See* Dkt. No. 4 at 12. Specifically, Magistrate Judge Dancks informed Plaintiff that "**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72." *See* Dkt. No. 4 at 12. Magistrate Judge Dancks clearly provided Plaintiff with sufficient notice of the consequences of failing to object to the Order and Report-Recommendation.

42 U.S.C. § 1981(a) provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. § 1981(a) (1977). In order to establish a claim under § 1981, "a plaintiff must allege facts supporting the following elements: (1) plaintiffs are members of a racial minority; (2) defendants' intent to discriminate on the basis of race; and (3) discrimination concerning one of the statutes enumerated activities." *Brown v. City of Oneonta*, 221 F.3d 329, 339 (2d Cir. 2000) (citation omitted). Section 1982 states that "[a]ll citizens of the United states shall have the same right, in every State . . . as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982 (1978). Section 1982 has been interpreted to prohibit "intentional discrimination" based solely on a person's "ancestry or ethnic characteristics." *Shaare Tefila Congregation v. Cobb*, 481 U.S. 615, 617 (1987) (citation and internal quotation marks omitted).

As Magistrate Judge Dancks correctly found, Plaintiff has not identified her race or alleged in her complaint that she is a member of a protected class based on her ancestry or ethnic characteristics under 42 U.S.C. §§ 1981 and 1982.  Nor has the Plaintiff set forth facts plausibly showing that Defendant intended to discriminate against her based on her race, ancestry or ethnic characteristics.  Therefore, the Court finds the Plaintiff failed to state a claim under 42 U.S.C. §§ 1981 and 1982.

Section 3604 of the Fair Housing Act ("FHA") prohibits private actors in the housing market from engaging in certain discriminatory actions regarding those seeking housing.  42 U.S.C. § 3604 (2012).  More specifically, § 3604(a) makes it unlawful "[t]o refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin."  42 U.S.C. § 3604(a).  Section 3604(b) makes it unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin."  42 U.S.C. § 3604(b).  Section 3604(f)(1) makes it unlawful "[t]o discriminate in the sale or rental, or otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of (A) that buyer or renter; (B) a person residing in or intending to reside in that dwelling after it is sold, rented, or made available; or (C) any person associated with that buyer or renter."  42 U.S.C. § 3604(f)(1).

Again, Magistrate Judge Dancks correctly determined that Plaintiff failed to present factual allegations in her complaint that Defendant evicted her from the Milton Avenue apartment because of her race, color, religion, sex, familial status, national origin, or because of a handicap.  Therefore, the Court finds that Plaintiff has failed to state a claim under § 3604 of the FHA.

Section 504 of the Rehabilitation Act provides in pertinent part that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his handicap, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a) (1998); *Bryant v. N.Y.S. Educ. Dept.*, 692 F.3d 202, 216 (2d Cir. 2012), *cert. denied*, 133 S. Ct. 2022. "An entity or person receiving housing assistance payments from a recipient on behalf of eligible families under a housing assistance payments program or voucher program is not a recipient or subrecipient merely by virtue of receipt of such payments." 24 C.F.R. § 8.3 (1989).

Plaintiff has failed to allege that she has a handicap or that Defendant evicted her solely on the basis of that handicap for purposes of stating a claim under § 504 of the Rehabilitation Act. Furthermore, Plaintiff's complaint does not set forth facts plausibly showing the receipt of federal funding by Defendant in connection with Plaintiff's rental of the Milton Avenue apartment or her eviction from the same. Plaintiff has alleged that she was the recipient of public assistance and that the Department of Social Services issued checks to Defendant for Plaintiff and her co-tenant's rent. However, those disbursements are insufficient to establish a claim against Defendant under § 504 of the Rehabilitation Act. *See Reyes v. Fairfield Properties*, 661 F. Supp. 2d 249, 264 (E.D.N.Y. 2009) (recognizing that "an entity or person who receives housing assistance payments under a housing assistance payments program or a voucher program is not a 'recipient' of federal financial assistance by virtue of receipt of such payments" (quotation omitted)). Based on the foregoing, the Court finds that Plaintiff has failed to state a claim under § 504 of the Rehabilitation Act.

Federal courts are courts of limited jurisdiction and may not preside over cases absent subject matter jurisdiction. *Exxon Mobil Corp v. Allapattah Services, Inc*., 545 U.S. 546, 552

(2005). Federal jurisdiction is available only when a "federal question" is presented, when the plaintiff and the defendant are of diverse citizenship and the amount in controversy exceeds $75,000, or when supplemental jurisdiction is appropriate. 28 U.S.C. §§ 1331, 1332, and 1367. In order to invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. District courts have supplemental jurisdiction over all state-law claims that are so related to federal claims over which they exercise original jurisdiction that they form part of the same case or controversy under Article III of the Constitution. 28 U.S.C. § 1367(a). Application of supplemental jurisdiction is discretionary, and "it requires a balancing of the considerations of comity, fairness to the litigants, judicial economy, and the avoidance of needless decisions of state law." *Federman v. Empire Fire & Marine Ins. Co.*, 597 F.2d 798, 809 (2d Cir. 1979) (citation omitted).

When a court lacks subject matter jurisdiction, dismissal is mandatory. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Therefore, although courts "construe a pro se plaintiff's complaint liberally, a plaintiff attempting to bring a case in federal court must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." *Ally v. Sukkar*, 128 Fed. Appx 194, 195 (2d Cir. 2005) (internal citation omitted).

The allegations set forth in Plaintiff's complaint are analogous to a state law claim for wrongful eviction. Federal courts do not have jurisdiction over landlord-tenant matters unless they are so related to a federal question that a court finds supplemental jurisdiction appropriate. *See Galland v. Margules*, No. 05-CV-5639 (DC), 2005 WL 1981568, *5 (S.D.N.Y. Aug. 17, 2005) (noting that federal courts do not have federal question jurisdiction over state residential landlord-tenant matters), *aff'd*, 191 Fed. Appx. 23, 24 (2d Cir. 2006).

Since the Court has dismissed all of Plaintiff's federal claims, it declines to exercise supplemental jurisdiction over her state-law claims and dismisses them without prejudice pursuant to 28 U.S.C. § 1367(c)(3).  Upon a review of the Order and Report-Recommendation, and considering that the parties have failed to object to any of Magistrate Judge Dancks' thorough and well-reasoned recommendations, the Court finds no clear error in Magistrate Judge Dancks' recommendations and hereby affirms and adopts the Order and Report-Recommendation as the opinion of the Court.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Dancks' September 28, 2015 Order and Report-Recommendation is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's IFP application (Dkt. No. 2) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED without prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 7, 2016
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge